Court Fund — Radios — Office Rent 1. The county sheriff's two way radios may not be maintained with monies from the new court fund. 2. Rent for an office of the special judge may not be paid from the court fund in counties with a population of 300,000 or less. 3. A special judge's full-time secretary may not be paid from the court fund. The Attorney General has had under consideration your letter wherein you ask, in effect, the following questions: 1. Is it permissible to pay for the maintenance of the county sheriff's two way radios out of the court fund? 2. Can there be expended from the court fund monies allocated as "office rent" for the special judge in Okmulgee County? 3. Can the special judge's full-time secretary be paid from the court fund? In answering your first question we refer you to Opinion No. 69-202 written to Honorable John L. Clifton, dated May 21, 1969. A copy of the Opinion is enclosed. The Opinion concerns the purchase of radar and radio units from the court fund, and the reasoning of the Opinion applies to your question. Therefore, it is the opinion of the Attorney General that the county sheriff's two way radios may not be maintained with monies from the new court fund. The following statutes are relevant to your second inquiry. Title 20 O.S.Supp. 1968 Section 1304[20-1304] [20-1304], provides in relevant part: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof. The term 'expenses' shall include . . . fees of jurors and witnesses, per diem of bailiffs, office supplies, furniture, fixtures and equipment and the maintenance thereof, for the judge's chambers, the courtroom, the clerk's office, other areas primarily used for judicial functions, and the law library only, judicial robes, printing, the publication of the court dockets in a daily newspaper qualified to publish legal notices in the county, books for records, postage, attorney fees for paupers, transcripts ordered by the court, part-time help, special services in instances hereafter authorized by law, and redecoration of the courtroom, the judge's chambers and the clerk's office; . . . ." Title 20 O.S. 1305 [20-1305] (1968), provides: "No charge shall be made by any city or town in the state for the use of municipally owned quarters by a special judge. A majority of the governing board of the Court Fund may authorize the use of money from the Court Fund to rent privately owned quarters for special judges in counties of over three hundred thousand (300,000) according to the latest federal census." The expenses which may be paid from the court fund are enumerated in Section 1304, and office rent for a judge is not included. We find no other authority for the payment of rent for an office for the special judge out of the court fund in counties with a population of 300,000 or less. Therefore, it is the opinion of the Attorney General that rent for an office of the special judge may not be paid from the court fund in counties with a population of 300,000 or less. We find no authority authorizing the payment of secretaries from the court fund. Therefore, it is the opinion of the Attorney General that a special judge's full-time secretary may not be paid from the court fund. (Prudence Little) ** SEE: OPINION NO. 71,296 (1971) ** ** SEE: OPINION NO. 71,355 (1971) **